

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES  
ATTORNEY GENERAL

BARBARA D. UNDERWOOD  
SOLICITOR GENERAL  
DIVISION OF APPEALS & OPINIONS

July 20, 2023

Catherine O'Hagan Wolfe  
Clerk of Court  
U.S. Court of Appeals for  
 the Second Circuit  
40 Foley Square  
New York, NY 10007

   Re: *FTC v. Vyera Pharmaceuticals, LLC*, No. 22-728

Dear Ms. Wolfe:

  I am counsel for the state appellees in the above-captioned appeal. I write in response to appellant Martin Shkreli's July 12, 2023, letter, submitted under Federal Rule of Appellate Procedure 28(j).

  The case on which Shkreli relies, *Counterman v. Colorado*, No. 22-138, 2023 WL 4187751 (U.S. June 27, 2023), is inapposite. *Counterman* held that speech in the form of a true threat may be subject to criminal consequences only when the defendant had a subjective understanding of the threatening nature of the speech or was at least reckless in speaking. That holding has no application here.

  This case involves no true threats or criminal consequences, or even a direct regulation of speech. Rather, this case involves a civil injunction enjoining Shkreli from taking *action* to influence or control the management of a pharmaceutical company. The injunction clarified that "public statements" about a pharmaceutical company may be deemed "action" to influence or control the company if Shkreli so intends or a reasonable person would conclude that the statement has that effect. (Special Appendix 166.) The referenced public statements are evidence of the improper action, and "it has

never been deemed an abridgment of freedom of speech" to prohibit conduct "evidenced … by means of language." *California Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 514 (1972) (quotation marks omitted). See State Appellees' Br. 52-53.

Moreover, even if the injunction's inclusion of public statements in its conduct prohibition could be read to regulate speech directly, and to do so based on an objective standard, the injunction would remain appropriate. An injunction undisputedly may burden speech so long as it burdens no more than necessary to serve a significant government interest. Here, the district court properly exercised its discretion to conclude that the injunction is necessary to serve the critical government interest in stopping Shkreli from reviving his egregious, repeated, and unrepentant past efforts to influence pharmaceutical companies to engage in anticompetitive conduct harming vulnerable patients. See State Appellees' Br. 53-54. And there is no concern about chilling others' speech, as in *Counterman*, because the injunction applies only to Shkreli.

Respectfully,

/s/ Philip J. Levitz

Philip J. Levitz
Assistant Solicitor General
(212) 416-6325

cc: Counsel of record (by ECF)